IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL DILL<br>Plaintiff,<br><br>v.<br><br>80-LOWER, et al.,<br>Defendants. | CIVIL ACTION<br><br>No. 25-cv-03397 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' 80-LOWER,
TACTICAL GEAR HEADS, LLC AND CHAD MYERS
MOTION TO DISMISS PURSUANT TO F.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(6) & 12(b)(7)**

Defendants 80-Lower ("80-Lower"), Tactical Gear Heads LLC ("TGH"), and Chad Myers ("Myers" and together with 8-Lower and TGH, the "TGH Parties") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7). The complaint should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction over Chad Myers, failure to state a claim upon which relief can be granted, and failure to join an indispensable party.

   I.   **Background**

On July 2, 2025, Plaintiff filed the complaint in this matter. (ECF 1). Plaintiff generally alleges that the Defendants sold ghost gun components, including an AR-15 style receiver, to Kimbrady Carriker[1] ("Carriker") in Pennsylvania *via* an online sale. They claim that Carriker,

---

[1] Carriker, an indispensable party to this action, was not named herein due to what appears to an improper attempt by Plaintiff to establish diversity jurisdiction in this court. Defendants are aware of three other virtually identical claims made against them in the Philadelphia Court of Common Pleas ("PCCP") on behalf of other decedents' estates, all of which include Carriker (the shooter) as a defendant, including:

1. *Moralis v. 80-Lower, et al.,* PCCP No. 250503056 ("Moralis").
2. *Wamah v. 80-Lower, et al.* PCCP No. 250603113 ("Wamah").

who had a prior firearms conviction that would have prevented him from legally purchasing a firearm, used this "firearm"[2] to murder Dymir Stanton on July 3, 2023[3], in Philadelphia. The complaint also alleges Defendants marketed and sold these components in a manner designed to circumvent Pennsylvania firearms laws, including background check requirements and serialization requirements. (ECF 1, ¶¶ 17 – 19, 23 - 42).

Defendant 80-Lower is an assumed business name of Tactical Gear Heads LLC registered in the State of Indiana.[4] Defendant Myers is a member of TGH and a resident of the State of Indiana. None of the defendants nor the members of TGH are residents of or regularly conduct business in the Commonwealth of Pennsylvania. Myers was improperly sued in his individual capacity in what appears to be an effort to pierce the corporate veil. The allegations made against Myers individually are identical to the allegations made against the corporate defendants by simply lumping him into the averments made against all the defendants collectively. (ECF 1, ¶¶ 17 – 19, 23 - 42).

---

3. *Merritt v. 80-Lower, et al,* PCCP No. 250700185 ("Merritt").

These matters are collectively referred to as the "PCCP Matters."

Counsel for the plaintiff in the Wamah matter is the same counsel as in the present matter. The allegations against the Defendants in all the PCCP Matters are the fundamentally the same as those made in this matter and this case cannot be properly adjudicated without Carriker as a party defendant.

[2] As will be discussed *infra*, the items purchased by Carriker were not "firearms" under either federal or Pennsylvania law, which is confirmed by the opinion letter from the Bureau of Alcohol, Tobacco, Firearms and Explosives dated January 18, 2017 (Exhibit "EX-1" hereto). See also *Landmark Firearms LLC v. Evanchick,* 2020 Pa. Commw. Unpub. LEXIS 686, (granting a preliminary injunction prohibiting the Pennsylvania State Police from enforcing an overbroad and vague definition of "firearm" based upon the finding by then Attorney General Josh Shapiro dated December 16, 2019).

[3] The decedents in this and the Moralis and Merritt matters were killed by Carriker on July 3, 2023, and the Wamah decedent was killed during the evening of July 2, 2023. See https://www.nbcphiladelphia.com/news/local/suspected-kingsessing-mass-shooter-trial/3807201/.

[4] This is a matter of public record. See https://bsd.sos.in.gov/publicbusinesssearch.

All the acts and failures to act that caused harm to Plaintiff's decedent were committed solely by Carriker who was not named in this suit although he is an indispensable party.[5]

II.   **Legal Argument**

   A. **Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(1) for Lack of Subject Matter Jurisdiction**

Lack of diversity jurisdiction is a basis for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 2007 U.S. App. LEXIS 20634 (3rd Cir.); *Warren Hill, LLC v. Neptune Investors, LLC*, 2021 U.S. Dist. LEXIS 95613, 2021 WL 2012559 (EDPA). Plaintiff failed to name Carriker although, as the person who shot and killed Plaintiff's decedent, he is an indispensable party without whom any "judgment rendered in the person's absence might prejudice that person or the existing parties." F.R.Civ.P. 19(b)(1).

The prejudice to Carriker and the TGH Parties cannot be lessened or avoided (F.R.Civ.P. 19(b)(2)), and a judgment rendered in Carriker's absence would not be adequate (F.R.Civ.P. 19(b)(3)).  Clearly Plaintiff would have an adequate remedy in the state court should this matter be dismissed (Fed Rules Civ Proc R 19(b)(4)), as is made clear from the existence of the PCCP Matters, of which counsel for the plaintiff in the Wamah matter is the same counsel as in the present matter.

To preserve their defenses against this claim based on the conduct of Carriker, the TGH Parties would be required to join Carriker as an additional defendant in any event.

---

[5] An indispensable party is one whose rights are so connected to the claims of the litigants that no decree can be made without impairing those rights. If an indispensable party is not joined, the court lacks jurisdiction, and any judgment rendered in their absence is void. *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed. Appx. 236, 2011 U.S. App. LEXIS 9823 (3rd Cir.); *North Am. Specialty Ins. Co. v. Chichester Sch. Dist.*, 2000 U.S. Dist. LEXIS 10745 (EDPA).

### B. Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(2) for Lack of Personal Jurisdiction over Chad Myers

Defendant Myers is a resident of the State of Indiana as stated in Plaintiff's Complaint. (ECF 1, ¶ 10). Defendant Myers is alleged to be "a president, founder and owner of Defendant 80-Lower and Tactical Gear Heads LLC," as stated in Paragraph 10 of Plaintiff's Complaint. (ECF 1, ¶ 10). While Plaintiff's Complaint alleges in Paragraph 11 that "Defendant Chad Myers conducted systematic and continuous business activity within this judicial district," this conclusory allegation is unsupported by any specific factual allegations demonstrating Mr. Myers' personal contacts with Pennsylvania. (ECF 1, ¶ 11).

The Complaint fails to allege any specific actions taken by Chad Myers in his individual capacity that would establish personal jurisdiction over him in Pennsylvania. The Complaint improperly attempts to attribute the alleged business activities of corporate entities (Tactical Gear Heads, LLC and 80-Lower) to Chad Myers personally, without providing any factual basis for disregarding the corporate form.

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a complaint for lack of personal jurisdiction over a defendant. Under 42 Pa.C.S. § 5301(a)(1), general jurisdiction over an individual exists only when the individual is: (i) present in Pennsylvania at the time when process is served; (ii) domiciled in Pennsylvania at the time when process is served; or (iii) has consented to jurisdiction. Defendant Myers, a resident of Indiana, is not present in Pennsylvania, is not domiciled in Pennsylvania, and has not consented to jurisdiction in Pennsylvania. Therefore, this Court lacks general jurisdiction over Defendant Myers.

Under 42 Pa.C.S. § 5322(b), Pennsylvania courts may exercise specific jurisdiction over non-resident defendants to the fullest extent allowed under the Constitution of the United States, which requires minimum contacts with Pennsylvania. The minimum contacts standard requires

that the defendant has purposefully availed himself of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its laws. *Gammino v. SBC Communs., Inc.*, 2005 U.S. Dist. LEXIS 5077, 2005 WL 724130 (EDPA).

In Gammino, this court held:

"When a defendant raises the defense of lack of personal jurisdiction, the plaintiff has the burden of establishing sufficient facts to show that jurisdiction is proper." "A plaintiff meets this burden by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." ***A plaintiff's allegations that defendant has sufficient contacts with the forum state to warrant a court's exercise of personal jurisdiction over the defendant must be supported with affidavits, documents, or other evidence, because a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings."*** In order for this court to exercise general personal jurisdiction over a defendant, a plaintiff must demonstrate that the defendant has "continuous and substantial contact with the forum state.

*Gammino,* 2005 U.S. Dist. LEXIS 5077 at *6-8. (Emphasis supplied, Internal cites omitted).

Plaintiff's Complaint fails to allege any specific actions taken by Defendant Myers in his individual capacity that would constitute purposeful availment of the privilege of conducting activities within Pennsylvania. The mere fact that Defendant Myers is an owner or officer of corporate entities that allegedly conducted business in Pennsylvania is insufficient to establish personal jurisdiction over him individually.

Corporate officers and directors are not subject to personal jurisdiction merely because the corporation they serve is subject to jurisdiction. The corporate form exists precisely to shield individuals from personal liability for corporate actions. Plaintiff's Complaint contains only conclusory allegations that "Defendant Chad Myers conducted systematic and continuous business activity within this judicial district" (ECF 1, ¶ 11). without providing any specific factual support for this assertion. Plaintiff's Complaint also fails to allege any specific contacts between Defendant Myers personally and the Commonwealth of Pennsylvania that would satisfy

the minimum contacts standard required for specific jurisdiction. Therefore, this Court lacks specific jurisdiction over Defendant Myers.

### C. Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted as to all Defendants

The alleged "ghost gun components" (ECF 1, ¶¶ 26 – 33, 36 – 41) Plaintiff claims were sold to Carriker by the TGH Parties were and are not "firearms" as that term is defined under Federal or Pennsylvania law. The product sold to Carriker (hereafter the "unfinished Polymer 80 Receiver") are shown on Exhibits EX-2 and EX-3, and are described as:



EX-2.



EX-3.

The unfinished parts sold by TGH to Carriker were expressly determined not to be "firearms" by the Bureau of Alcohol, Tobacco, Firearms and Explosives by a letter opinion dated

January 18, 2017 (Exhibit "EX-1" hereto). See EX-1 at pp. 8 – 11. Specifically, referring to the product sold to Carriker, the ATF stated:

> Based on our examination of the submitted item and your description of the manufacturing process used to produce it, we have determined that this item is NOT a firearm receiver, or a firearm.

EX-1 at pp. 9 & 11. See also EX-1 at pp. 17-21, showing pictures of the same unfinished receiver block that was sold to Carriker and determined by the ATF not to be a firearm.

Plaintiff's reliance on the finding by then Attorney General Josh Shapiro, dated December 16, 2019, that was the basis for the Pennsylvania State Police to overbroadly and vaguely define the term "firearm" to include any unfinished receiver component is misplaced. In *Landmark Firearms LLC v. Evanchick,* 2020 Pa. Commw. Unpub. LEXIS 686, the Pennsylvania Commonwealth Court granted a preliminary injunction prohibiting the Pennsylvania State Police from enforcing its overbroad and void for vagueness definition of "firearm" based upon the finding by the Pennsylvania Attorney General. In doing so, the *Landmark* court stated:

> The Court agrees with Petitioners that there is a substantial legal question as to whether PSP's new policy regarding partially manufactured receivers is impermissibly vague. PSP has the authority to regulate firearms, and the frame or receiver of a weapon is a firearm under the UFA. No one disputes this. *The term frame or receiver is not defined in the UFA, PSP has not promulgated any regulations to define what constitutes a frame or receiver, and PSP is no longer following the ATF's lead regarding what constitutes the frame or receiver of a weapon. Rather than clarify, the new PSP policy adds confusion by introducing a new term−"partially manufactured receiver"−and a new form−Form SP 4-121− into the mix of gun regulations without an explanatory bridge tying them back to the UFA.*

*Landmark*, at 2020 Pa. Commw. Unpub. LEXIS 686, *14-15 (Emphasis supplied).

At the time the unfinished Polymer 80 Receiver was sold to Carriker on August 30, 2021, and through the date hereof, this product was not a "firearm" under either Federal law or the

Pennsylvania Uniform Firearms Act ("PUFA"), 18 Pa.C.S. § 6101, *et seq.* As such, the claims made by Plaintiff in its Complaint that form the basis for asserting that the TGH Parties are liable to Plaintiff because they violated PUFA by not conducting a background investigation of or receiving a Pennsylvania Instant Check System (PICS) clearance for Carriker, are unfounded. (ECF 1, ¶¶ 20 – 33, 36 – 42, 45 – 57, 59 – 60, 63 – 64, 66 – 70, 72 – 77, 79 - 84). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against the TGH Parties.

### D. Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted as to all Defendant Chad Myers

Plaintiffs' Complaint names Chad Myers individually as a defendant, describing him as "a president, founder and owner of Defendant 80-Lower and Tactical Gear Heads LLC." (ECF 1, ¶ 10). The Complaint fails to allege any specific actions taken by Chad Myers in his individual capacity that would justify imposing personal liability upon him for the alleged acts of the corporate entities.

Under Pennsylvania law, a member or manager of a limited liability company is not liable, solely by reason of being a shareholder, for a debt, obligation or liability of the company of any kind or for the acts of any member or representative of the company. 15 Pa.C.S. § 8834. *Liberty Mut. Grp., Inc. v. 700 Pharm., LLC*, 270 A.3d 537, 454, 2022 Pa. Super. LEXIS 48 at 11, 2022 PA Super 19, 2022 WL 289547. The Pennsylvania Supreme Court has established that a corporate veil can be pierced only when the person in control of the corporation uses control of the corporation solely to further personal interests. *Mortimer v. McCool*, 667 Pa. 134, 255 A.3d 261, 2021 Pa. LEXIS 3088.

The burden of proving that the corporate veil must be disregarded is on the party who attempts to negate the existence of the separate corporate entity. To pierce the corporate veil in

Pennsylvania, courts consider factors including: (1) failure to observe corporate formalities; (2) non-payment of corporate dividends; (3) insolvency of the debtor corporation at the time of a significant action or transaction; (4) siphoning of corporate funds by the dominant shareholder; (5) non-functioning of other officers or directors; (6) lack or absence of corporate records; (7) establishment that the corporation is merely a sham for the operations of the dominant stockholder(s); and (8) undercapitalization of the corporation. *Kaplan v. First Options*, 19 F.3d 1503, 1521, 1994 U.S. App. LEXIS 5975.

The Complaint merely alleges that Chad Myers was an owner of the corporate entities and was "in the business of selling, designing, manufacturing, marketing and distributing unserialized ghost gun products" (ECF 1, ¶¶ 10), which is insufficient as a matter of law to pierce the corporate veil. The Complaint improperly attempts to hold Chad Myers personally liable for the alleged acts of the corporate entities without providing any factual basis for disregarding the corporate form.[6]

### E. Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(7) for Failure to Join and Indispensable Party Under F.R.Civ.P. 19

Plaintiff's decedent was shot and killed by Kimbrady Carriker. It is not alleged in Plaintiff's Complaint that, nor did any of the TGH Parties had any involvement with this shooting. Carriker, whose actions were the direct and proximate cause of the injuries and damages alleged in Plaintiff's Complaint, is an indispensable party to this action who was not

---

[6] Although Pennsylvania recognizes the "participation theory," under which individuals, including members or managers of an LLC, may be held personally liable for their own tortious conduct if they actively participate in wrongful acts. This liability is not based on their status as members or managers but on their direct involvement in the misconduct *B&R Res., LLC v. Dep't of Envtl. Prot.,* 180 A.3d 812, *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614. There is no evidence that Myer acted in capacity other than as a manager/office of TGH.

named herein due to what appears to an improper attempt by Plaintiff to establish diversity jurisdiction in this court.

Plaintiff failed to name Carriker although, as the person who shot and killed Plaintiff's decedent, he is an indispensable party without whom any "judgment rendered in the person's absence might prejudice that person or the existing parties." F.R.Civ.P. 19(b)(1). The prejudice to Carriker and the TGH Parties cannot be lessened or avoided (F.R.Civ.P. 19(b)(2)), and a judgment rendered in Carriker's absence would not be adequate (F.R.Civ.P. 19(b)(3)). Clearly Plaintiff would have an adequate remedy in the state court should this matter be dismissed (Fed Rules Civ Proc R 19(b)(4)), as is made clear from the existence of the PCCP Matters, of which counsel for the plaintiff in the Wamah matter is the same counsel as in the present matter.

To preserve their defenses against this claim based on the conduct of Carriker, the TGH Parties would be required to join Carriker as an additional defendant in any event. Defendants are aware of three other virtually identical claims made against them in the Philadelphia Court of Common Pleas ("PCCP") on behalf of other decedents' estates, the PCCP Matters, all of which include Carriker (the shooter) as a defendant. The PCCP Matters include *Wamah v. 80-Lower, et al.* PCCP No. 250603113, where counsel to the Plaintiff herein also represents the Wamah plaintiff.[7]

The only material difference between Plaintiff's Complaint and the Wamah Complaint is that Carriker is (properly) included as a defendant. EX-4, ¶¶ 9, 94 – 105. Counsel in the Wamah Complaint admits that "There is no federal court jurisdiction as this action lacks complete diversity of citizenship and no substantial federal question is presented." EX-4, ¶ 14. For the very

---

[7] The Wamah complaint is attached hereto as Exhibit EX-4 (the "Wamah Complaint").

same reasons, there is not complete diversity of citizenship as Carriker is an indispensable party to this matter.

All the acts and failures to act that caused harm to Plaintiff's decedent were committed solely by Carriker who was not named in this suit although he is an indispensable party. An indispensable party is one whose rights are so connected to the claims of the litigants that no decree can be made without impairing those rights. If an indispensable party is not joined, the court lacks jurisdiction, and any judgment rendered in their absence is void. *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed. Appx. 236, 2011 U.S. App. LEXIS 9823 (3rd Cir.); *North Am. Specialty Ins. Co. v. Chichester Sch. Dist.*, 2000 U.S. Dist. LEXIS 10745 (EDPA).

### III.   Conclusion

For all the foregoing reasons Plaintiff's Complaint should be dismissed.

RESPECTFULLY SUBMITTED:

LAW OFFICES OF ANDREW TEITELMAN P.C.

BY:  /s/ Andrew Teitelman
         Andrew Teitelman
         PA Attorney ID No. 43545
         380 Red Lion Road, Ste. 103
         Huntingdon Valley, PA  19006
         Ph: 267-255-6864
         E-mail: ateitelman@teitelaw.com
         ***Attorneys for Defendants 80-Lower,
         Tactical Gear Heads LLC, and Chad Myers***