**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHANIEL DILL, AS ADMINISTRATOR of the ESTATE OF DYMIR STANTON, DEC'D | : | |
| | : | |
| | : | |
| Plaintiff, | : | **NO: 2:25-cv-03397-GAM** |
| V. | : | |
| | : | |
| 80-LOWER, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT CHAD MYERS' DEPOSITION AND PLAINTIFF'S REQUEST FOR EXTENSION**

**I.      Factual Background**

Defendants 80-Lower and Tactical Gear Heads, LLC, and their owner Chad Myers, sold unserialized and otherwise untraceable gun components and at-home gun building kits. Defendants marketed their products in a manner that evaded legally mandated procedures and record keeping, circumventing numerous protections and negligently and recklessly putting others in danger of death and catastrophic injury.

Kimbrady Carriker, purchased ghost gun components, including a receiver for an AR-15 style ghost gun from Defendants, 80-Lower, Tactical Gear Heads LLC, and Chad Meyers, and on or about July 3, 2023, used it to brutally murder Plaintiff's decedent, Dymir Stanton, at or near the intersection of 60th Street and Kingsessing Avenue in Philadelphia, Pennsylvania.

On July 2, 2025, the father Dymir Stanton, initiated a lawsuit against, *inter alia*, 80-Lower, Tactical Gear Heads, LLC, and Chad Myers in the U. S. District of the Eastern District of Pennsylvania. Discovery in this case is ongoing.

On September 11, 2025 Defendants filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction over Chad Myers, failure to state a claim upon which relief can be granted, and failure to join an indispensable party.

On December 22, 2025, Defendants' Motion was to Dismiss, was denied. Plaintiff was granted ninety (90) days within which to conduct jurisdictional discovery concerning Defendant Myers, at which point Plaintiff was to submit a briefing on the issue of personal jurisdiction. Mr. Myers' response was to be due fourteen (14) days thereafter.

Plaintiff served Plaintiff's first set of interrogatories and request for production of documents regarding jurisdiction on Defendants on February 2, 2026.

On March 26, 2026, at the request of both parties, Plaintiff was granted an additional 60 days from the date of the Order to conduct jurisdictional discovery concerning Defendant Myers because Defendants had not yet responded to Plaintiff's discovery. Plaintiff's briefing on the issue of personal jurisdiction was extended to May 28, 2026.

Plaintiff received responses to Plaintiff's initial Discovery requests on April 7, 2026. Following scheduling conversations and determining an agreed upon date, Plaintiff sent out a Notice of Deposition on May 4, 2026 for the Deposition of Chad Myers to occur on May 12, 2026.

Defendant Tactical Gear Heads, LLC filed a Suggestion of Bankruptcy and Notice of Automatic Stay on May 11, 2026. Following the submission of the filing, Defense counsel did not communicate to Plaintiff's counsel that Defendant Myers would no longer be appearing for his deposition on the issue of personal jurisdiction.

The video link was emailed to Defendant on the morning of May 12, 2026, and Defendant failed to advise that Defendant Chad Myers would not be appearing for his deposition until after the deposition's scheduled start time, at which point Defendants' counsel emailed Plaintiff's

paralegal but not Plaintiff's counsel Shanin Specter, John P. O'Neill, or Frank Mangiaracina to advise he would not be attending.

As of the date of this filing, Defendant Chad Myers' has refused to be deposed regarding the issue of jurisdiction that he raised in his aforementioned motion.

## II.      Legal Argument

Plaintiff has attached the Notice of Deposition addressed to Chad Myers on the subject of personal jurisdiction as Exh. "A" hereto:

1.      Defendant Chad Myers has challenged that Plaintiff's Complaint Should be Dismissed Under F.R.Civ.P. 12(b)(2) for Lack of Personal Jurisdiction over Chad Myers, however Defendant is now refusing to appear for a deposition on this very issue. The Suggestion of Bankruptcy filed by Defendant Tactical Gear Heads, LLC does not satisfy Plaintiff's need for Chad Myers' deposition to provide this Honorable Court with a brief on the issue.

## III.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court enter an Order in the form attached hereto, compelling Defendant Chad Myers to appear for deposition within (10) days or suffer appropriate sanctions upon application to this Court. Additionally, Plaintiff respectfully requests an additional 60 days to complete Plaintiff's briefing on the issue of personal jurisdiction.

KLINE & SPECTER, P.C.

By:      _____
SHANIN SPECTER, ESQUIRE
JOHN P. O'NEILL, ESQUIRE
FRANK MANGIARACINA, ESQUIRE

1525 Locust Street
Philadelphia, PA 19102
215-772-1000
Date:   May 26, 2026                    Attorneys for Plaintiff